CRESCENTIA TRAUTMAN, Appellant, v. EUGENE TRAUB, Administratrix of the Estate of NICHOLAS ECK, deceased, Appellee.

Estates of decedents: CLAIMS: BURDEN OF PROOF: EVIDENCE. One seeking to establish a claim against an estate for extra services rendered deceased, where he admits payment for services under the original contract, has the burden of showing an agreement, either express or implied, for the extra compensation; and the

claimant's testimony as to the agreement with deceased is inadmissible for that purpose.

In this case the evidence is held insufficient to show an agreement, either express or implied, for the claimed extra compensation.

*Appeal from Dubuque District Court.*—HON. ROBERT BONSON, Judge.

WEDNESDAY, JANUARY 11, 1911.

PROCEEDING to establish a claim against the estate of Nicholas Eck, deceased. At the close of plaintiff's testimony, the court sustained a motion to direct a verdict for the defendant, and plaintiff appeals.—*Affirmed.*

*Kenline & Roedell,* for appellant.

*Lacy, Brown & Lacy,* for appellee.

WEAVER, J.—The petition states plaintiff's claim as follows: That at the special instance and request of said Nicholas Eck she performed services at the times and in the manner as shown in statement of account hereto attached as "Exhibit A," that the reasonable value of such services is $342, no part of which has been paid, and the same is due and owing her from said estate. She further states that for about two years previous to the death of decedent she was employed as his housekeeper, receiving $20 per month as her compensation therefor; that from the latter part of 1907, and about January 1, 1908, decedent, afflicted with Bright's disease, required and requested her constant attendance upon him, washing, nursing, and dressing him at all hours of the night and day, he being unable to sleep in bed, and his affliction being such as to require assistance when seized with vomiting spells, and other matters of personal attention, all of which was in addition to her duties as housekeeper aforesaid.

There is competent evidence that plaintiff did act as servant or housekeeper of the deceased during the last two years of his life, and performed services of the nature described in the petition; and the one serious question presented by the record is whether, conceding the service so performed, she is entitled to recover compensation therefor in excess of the wages or salary which she admits having received. The trial court held to the view that there was an entire absence of evidence tending to show any contract, express or implied, between plaintiff and deceased to support her claim for extra compensation, and directed a verdict for the defendant. A careful reading of the testimony offered leads us to the conclusion that this ruling was correct. Except the statement or admission made in plaintiff's petition that she received $20 per month from her employer and the further testimony of neighbors and others who saw her doing the housework of the deceased and giving him personal care, attention, and nursing at his call or request so to do, there is not a word of evidence from a competent witness of any agreement express or implied on which to base a finding that deceased undertook or expected or was bound to pay therefor anything in addition to the $20 per month which plaintiff concedes she received. She did testify, over an objection to her competency, that she "was there as housekeeper," which statement was later stricken on defendant's motion. Of this ruling plaintiff complains, but the point is not well taken. The capacity in which she entered the employment of the deceased is to be defined by the terms of her employment, the agreement or understanding had between herself and her employer. He having since died, she is incompetent to testify to her version of such agreement or understanding in support of her claim for recovery against the administrator. Save her own statement, there is no showing whatever that she entered his service as a housekeeper only as distinguished from a house servant em-

ployed to perform generally all the usual labor pertaining to family service, including such unskilled assistance as could reasonably be rendered by her to her employer when sick. Such being the case, the fact that when sick or needing help he called her to his assistance, which, so far as shown, she rendered without objection and without suggestion that such service was not within the scope of her employment, is an entirely insufficient ground to sustain a claim of implied contract on his part to pay her more than the wages upon which they had before agreed. None of the precedents cited by appellant is inconsistent with this conclusion. It is true as contended that, in order to recover, plaintiff was not bound to prove an express contract and that upon a sufficient showing she would be entitled to recover as upon an implied agreement, but the trouble with her case as presented is that she is not making an ordinary claim for wages on an implied contract, but on an implied agreement to pay for labor over and above that which was contemplated in her original employment. To establish an implied contract to pay for such extra services the very first essential is, as we have already said, to show in some manner the terms or substance of the original agreement, otherwise it is impossible for court or jury to say whether the services for which payment is asked was in excess of the duties which she undertook to perform and for which she admits she has been paid. In this respect there is an entire failure of competent proof.

This obstacle lying as it does at the very threshold of the appellant's case, there is no occasion for entering upon a discussion of other legal questions which have been argued by counsel.

The judgment of the district court is *affirmed*.